IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DELANO BLACKWOOD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 09-0201-WS-N |
| | ) | |
| ERIC HOLDER, et al., | ) | |
| | ) | |
| Respondents. | ) | |

REPORT AND RECOMMENDATION

This is an action under 28 U.S.C. § 2241 by Delano Blackwood, a citizen and native of Jamaica, who has been detained by the U.S. Department of Homeland Security (hereinafter *DHS*) (Doc. 1). This action has been referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c) and is now ready for consideration. The record is adequate to determine Petitioner's claims; no evidentiary hearing is required. It is recommended that the instant petition be dismissed as moot.

In his petition, Blackwood states that he entered this country from Jamaica in September of 1984 (Doc. 1, p. 5). Petitioner asserts that he was taken into custody by agents of the United States Bureau of Immigration and Customs Enforcement (hereinafter *ICE*), on March 13, 2008 (Id.). Petitioner maintains that he has been detained in excess of one hundred eighty days and that such detention is improper (id.). Blackwood seeks to have the government immediately deport him or release him from custody (id.). Petitioner filed this action on April 10, 2009 (Doc. 1).

On November 19, 2009, respondents filed a response to the petition, stating that

Petitioner was deported to Jamaica, his country of origin, on August 27, 2009 (Doc. 15). Attached to that Motion is a copy of the I-205 form reflecting petitioner's removal from the United States and from ICE custody on August 27, 2009.  Court records demonstrate that mail sent to Petitioner from this Court has been returned as undeliverable as he was no longer at that facility (Docs. 14).  Respondents assert that because Blackwood is no longer in the custody of ICE or DHS, Petitioner's request is moot and this action should be dismissed (Doc. 15).

The Eleventh Circuit Court of Appeals has directly answered the question posed in this action, stating as follows:

> As we have explained on many occasions, Article III of the Constitution limits the jurisdiction of federal courts to the consideration of "Cases" and "Controversies."  U.S. Const. art III, § 2.  In turn, the "case or controversy" constraint imposes on federal courts a "dual limitation" known as "justiciability."  United States v. Fla. Azalea Specialists, 19 F.3d 620, 621 (11th Cir. 1994).  "The doctrine of justiciability prevents courts from encroaching on the powers of the elected branches of government and guarantees that courts consider only matters presented in an actual adversarial context."  Al Najjar v. Ashcroft, 273 F.3d 1330, 1335 (11th Cir. 2001).  Article III's case or controversy requirement provides "an important restriction on the power of the federal courts," which is necessary "[b]ecause the judiciary is unelected and unrepresentative."  Id. (quoting Socialist Workers Party v. Leahy, 145 F.3d 1240, 1244 (11th Cir.1998)) (internal quotations omitted); *see also* Allen v. Wright, 468 U.S. 737-38, 750, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556 (1984) ("[T]he 'case or controversy' requirement defines with respect to the Judicial Branch the idea of separation of powers on which the Federal Government is founded.").
> 
> The doctrine of mootness derives directly from the case or controversy limitation because "an action that is moot cannot be characterized as an active case or controversy."  Adler v. Duval County Sch. Bd., 112 F.3d 1475, 1477 (11th Cir. 1997).  "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  Powell v. McCormack, 395 U.S. 486, 496, 89 S.Ct. 1944, 1951, 23 L.Ed.2d 491 (1969).  As this Court has explained, "[p]ut another

> way, 'a case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief.'" Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of Health and Rehab. Servs., 225 F.3d 1208, 1216-17 (11th Cir. 2000) (quoting Ethredge v. Hail, 996 F.2d 1173, 1175 (11th Cir. 1993)). Therefore, "[i]f events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." Al Najjar, 273 F.3d at 1336. In fact, "dismissal is required because mootness is jurisdictional." Id. (citing, *e.g.*, *North Carolina v. Rice*, 404 U.S. 244, 246, 92 S.Ct. 402, 404, 30 L.Ed.2d 413 (1971) ("The question of mootness is . . . one which a federal court must resolve before it assumes jurisdiction")). "Any decision on the merits of a moot case or issue would be an impermissible advisory opinion." Florida Ass'n of Rehab. Facilities, 225 F.3d at 1217.
>
> Although there is an exception to the mootness doctrine when the action being challenged by the lawsuit is capable of being repeated and evading review, we have held that "this exception is 'narrow,' and applies only in 'exceptional situations.'" Al Najjar, 273 F.3d at 1336 (quoting Dow Jones & Co. v. Kaye, 256 F.3d 1251, 1256 (11th Cir. 2001)) (internal quotations omitted). In particular, the exception can be invoked only when "(1) there [is] a reasonable expectation or a demonstrated probability that the *same* controversy will recur involving the *same* complaining party, and (2) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration." Sierra Club v. Martin, 110 F.3d 1551, 1554 (11th Cir. 1997) (emphasis added). Simply put, "[t]he remote possibility that an event might recur is not enough to overcome mootness, and even a likely recurrence is insufficient if there would be ample opportunity for review at that time." Al Najjar, 273 F.3d at 1336.

Soliman v. U.S. ex rel. INS, 296 F.3d 1237, 1242-1243 (11th Cir. 2002).

Under these legal principles, it is clear that Blackwood's petition is now moot because there is no case or controversy. As Petitioner was removed from this country, he is no longer being held by ICE, the DHS, or, presumably, any other U.S. Government entity. *See* Soliman, 296 F.3d at 1243. Furthermore, there is no reason to believe that Blackwood will be detained again in the future, so this is not a case that meets "the narrow exception for cases that are

capable of repetition yet evading review." Id.

Because no case or controversy now exists with regard to this petition, it is recommended that this action be dismissed as moot. It is further recommended that Judgment be entered in favor of Respondents and against Petitioner Blackwood.

DONE this the 23rd day of November 2009.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**